UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK
-------------------------------------------------------------------X
LISA ZITO-SECORD,

                Plaintiff,                              **COMPLAINT**

                                                                         **JURY TRIAL DEMANDED**

            -against-

ERIE COUNTY DEPUTY SHERIFF AARON M. ELIS,

                Defendant.
-------------------------------------------------------------------X

Plaintiff, LISA ZITO-SECORD by her attorney, Fred Lichtmacher of The Law Office of Fred Lichtmacher P.C., complaining of the Defendant herein, respectfully alleges as follows:

## JURISDICTION AND VENUE

1. Jurisdiction is founded upon the existence of a Federal Question.

2. This is an action to redress the deprivation under color of statute, ordinance, regulation, custom, or usage of rights, privileges, and immunities secured to Plaintiff by the Fourth and Fourteenth Amendments to the Constitution of the United States pursuant to 42 U.S.C. § 1983.

3. Jurisdiction is founded upon 28 U.S.C. §§ 1331 and 1343(a) (3 & 4).

4. Venue is appropriate in the Western District of New York pursuant to 28 U.S.C. §1391 (b) (2), as events forming the basis of this Complaint occurred in the Western District.

## PARTIES

5. Plaintiff Lisa Zito-Secord was at all times relevant a resident of Erie County in the State of New York.

1

6.     Defendant Erie County Deputy Sheriff Aaron M. Elis, was at all times relevant an employee of the Erie County Sheriff's Department, and at all times relevant he was acting as a state actor acting under color of law.

7.     This action arises under the United States Constitution, particularly under the provisions of the Fourth Amendment and under the Civil Rights Act, Title 42 of the United States Code, Section 1983.

## FACTS UNDERLYING
## PLAINTIFF'S CLAIMS FOR RELIEF

8.     On August 30, 2022 at approximately 2 a.m. two members of the Eerie County Sheriff's Department including Defendant Erie County Deputy Sheriff Aaron M. Elis (Deputy Sheriff Elis) and his partner presented at the home of Ms. Zito, In Holland New York who had been in a verbal dispute with her boyfriend.

9.     The dispute was not physical and had ended prior to the deputy sheriffs' arrival and at that time, the Plaintiff and her boyfriend were resting quietly watching TV when the Defendant and his partner arrived.

10.    The deputy sheriffs knocked on the door and were permitted to enter when Ms. Zito-Secord opened the door.

11.    After they entered the house, Defendant Deputy Sheriff Elis pointed a flashlight at Ms. Zito-Secord's face, which she explained to the Defendant was harmful to her as a she is epileptic and shining a flashlight in her eyes can cause her to have a seizure.

12.    However, Defendant Deputy Sheriff Elis, sadistically, and without a legitimate law enforcement purpose, continued to shine the flashlight in the Plaintiff's face.

13.    Not wanting to have an epileptic seizure, Plaintiff took her pillow and went outside of her home

and lay on the grass in her yard to escape what was being done to her.

14.	Despite the fact that she had not committed a crime, the Defendant handcuffed the Plaintiff's left wrist, and then grabbed her right hand while squeezing it so tightly he caused multiple fractures to her wrist and hand, and handcuffed her right wrist unnecessarily tightly as she screamed out in pain.

15.	Plaintiff, who was in immense pain, repeatedly begged the Defendant to loosen the excessively tightened handcuffs but he refused.

16.	Plaintiff is extremely light, fragile and not healthy.

17.	Plaintiff was placed in the Defendant's vehicle and driven by the Defendant to the hospital.

18.	Plaintiff repeatedly urged the Defendant to apply her seatbelt something she could not do herself with her hands handcuffed behind her.

19.	The route to the hospital went over bumpy roads, and without a seat belt on, the Plaintiff was having her injuries painfully exacerbated during the ride as she was involuntarily bounced around in the vehicle.

20.	Plaintiff repeatedly asked for the seat belt to be secured around her but the Defendant refused and seemed to enjoy having the Plaintiff experience pain while in the car.

21.	When they arrived at the hospital the Defendant falsely reported to the hospital staff that Plaintiff became injured when she fell.

22.	Plaintiff's injuries caused by the Defendant have necessitated frequent medical treatment which she still is receiving to the present date, and the use of her right hand is still limited due to the injuries the Defendant inflicted on her.

**FIRST CLAIM FOR RELIEF ON BEHALF OF PLAINTIFF**
**VIOLATION OF THE FOURTH AND FOURTEENTH AMENDMENTS**
**TO THE UNITED STATES CONSTITUTION**

**VIA THE USE OF EXCESSIVE, UNREASONABLE AND UNNECESSARY FORCE**

23. Plaintiff repeats, reiterates and realleges each and every allegation contained in the prior paragraphs as if fully stated herein.

24. Plaintiff's rights have been violated pursuant to the Fourth Amendment to the United States Constitution made applicable to the statues by virtue of the Fourteenth Amendment pursuant to 42 U.S.C. § 1983, due to her being subjected to excessive, unreasonable and unnecessary force.

25. Plaintiff's hand was intentionally and unnecessarily squeezed causing severe injuries to the Plaintiff.

26. Defendant refused to loosen the overly tightened handcuffs despite Plaintiff's urging, exacerbating her pain and injuries.

27. Defendant intentionally refused to seatbelt the Plaintiff despite her requests and despite being informed the ride was causing her to be thrown around in the vehicle exacerbating her physical injuries.

28. As a direct consequence of defendant's actions, Plaintiff was deprived of rights, privileges and immunities pursuant to the Fourth Amendment to the United States Constitution, and more particularly, her right to be free from the use of excessive, and unreasonable force.

29. As a result of Defendant's actions, plaintiff sustained various physical injuries, including pain, suffering, long term injuries, emotional harms, and the need for ongoing medical care.

30. By reason of the aforesaid, the Plaintiff has been damaged and is entitled to compensatory damages in a sum of not less than $500,000.00 (FIVE HUNDRED THOUSAND) DOLLARS and punitive damages in an amount to be determined at trial and Plaintiff is entitled to an award of attorneys' fees and costs pursuant to 42 USC §1988.

**SECOND CLAIM FOR RELIEF ON BEHALF OF PLAINTIFF**

## VIOLATION OF THE FOURTH AND FOURTEENTH AMENDMENTS
## TO THE UNITED STATES CONSTITUTION
## VIA FALSE ARREST

31. Plaintiff repeats, reiterates and realleges each and every allegation contained in the prior paragraphs as if fully stated herein.

32. Plaintiff's decedent's rights have been violated pursuant to the Fourth Amendment to the United States Constitution made applicable to the states by virtue of the Fourteenth Amendment pursuant to 42 U.S.C. § 1983, due to her being subjected to a false arrest.

33. Defendant, subjected the Plaintiff to a false arrest without probable cause to believe she had committed a crime, in that 1) the Defendant intended to confine the Plaintiff, (2) the Plaintiff was conscious of the confinement, (3) the Plaintiff did not consent to the confinement and (4) the confinement was not otherwise privileged.

34. As a result of the Defendant's actions Plaintiff was denied her rights under the Fourth and Fourteenth Amendments to the U.S. Constitution

35. Defendant's actions resulted in the Plaintiff being arrested, and handcuffed, caused her to fear going to jail, and Defendant's actions resulted in various emotional damages to the Plaintiff.

36. By reason of the aforesaid, the Plaintiff has been damaged and is entitled to compensatory damages in the amount of ONE HUNDRED THOUSAND ($100,000.00) DOLLARS, an award of punitive damages against the Defendant and an award of costs and attorneys' fees is appropriate pursuant to 42 U.S.C. §1988.

   **WHEREFORE,** Plaintiff respectfully request that judgment be entered as follows:

   (A) Declaratory relief finding that Plaintiff's rights under the United States Constitution were violated;

(B) Compensatory damages to be determined at trial in a sum not less than $600,000.00 (SIX HUNDRED THOUSAND) DOLLARS;

(C) By reason of the wanton, willful and malicious character of the conduct complained of herein, Plaintiff is entitled to an award of punitive damages against the Defendant in an amount to be determined by the trier of fact;

(D) An award to Plaintiff of the costs and disbursements herein;

(E) An award of attorneys' fees under 42 U.S.C. §1988; and

(F) Such other and further relief as this Court may deem just and proper.

Dated: New York, New York
       August 18, 2025

                                                       / s /
                                       FRED LICHTMACHER
                                       The Law Office of Fred Lichtmacher P.C.
                                       Attorney for Plaintiff
                                       159 West 25th Street Room 510
                                       New York, New York 10001
                                       Tel. No. (212) 922-9066
                                       Empirestatt@aol.com

ERIE COUNTY DEPUTY SHERIFF AARON M. ELIS
Erie County Sheriff's Office
10 Delaware Avene
Buffalo, NY 14202