UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

---

LISA ZITO-SECORD,

            *Plaintiff,*

v.

ERIE COUNTY SHERIFF DEPUTY AARON M. ELIS,

            *Defendant.*

**AMENDED ANSWER WITH JURY TRIAL DEMAND**

Case no. 25-cv-00761

---

    Defendant Erie County Sheriff Deputy Aaron M. Elis, by his attorney, Jeremy C. Toth, Erie County Attorney, Erin E. Molisani, Assistant County Attorney, hereby respond to plaintiff's Complaint as follows:

    1.    Answering paragraph 1 of the Complaint, defendant responds that this is a statement of the law and/or calls for a legal conclusion, and as such no response is required; to the extent that a response is required, defendant denies knowledge or information sufficient to form a belief as to the allegations therein.

    2.    Answering paragraph 2 of the Complaint, defendant responds that this is a statement of the law and/or calls for a legal conclusion, and as such no response is required; to the extent that a response is required, defendant denies knowledge or information sufficient to form a belief as to the allegations therein.

    3.    Answering paragraph 3 of the Complaint, defendant responds that this is a statement of the law and/or calls for a legal conclusion, and as such no response is required; to the extent that a response is required, defendant denies knowledge or information sufficient to form a belief as to the allegations therein.

4.    Answering paragraph 4 of the Complaint, defendant responds that this is a statement of the law and/or calls for a legal conclusion, and as such no response is required; to the extent that a response is required, defendant denies knowledge or information sufficient to form a belief as to the allegations therein.

5.    Answering paragraph 5 of the Complaint, defendant denies knowledge or information sufficient to form a belief as to the truth of the allegations contained therein.

6.    Answering paragraph 6 of the Complaint, defendant admits the employment allegation, but as to the remainder of this paragraph, defendant responds that this is a statement of the law and/or calls for a legal conclusion, and as such no response is required; to the extent that a response is required, defendant denies knowledge or information sufficient to form a belief as to the allegations therein.

7.    Answering paragraph 7 of the Complaint, defendant responds that this is a statement of the law and/or calls for a legal conclusion, and as such no response is required; to the extent that a response is required, defendant denies knowledge or information sufficient to form a belief as to the allegations therein.

8.    Answering paragraph 8 of the Complaint, defendant admits the allegations contained therein.

9.    Answering paragraph 9 of the Complaint, defendant denies the allegations contained therein.

10.   Answering paragraph 10 of the Complaint, defendant denies that plaintiff opened the door, but admits they were permitted to enter after knocking.

11. Answering paragraph 11 of the Complaint, defendant denies the allegations contained therein.

12. Answering paragraph 12 of the Complaint, defendant denies the allegations contained therein.

13. Answering paragraph 13 of the Complaint, defendant admits plaintiff went outside with her pillow, but denies that she went outside to avoid having a seizure.

14. Answering paragraph 14 of the Complaint, defendant denies the allegations contained therein.

15. Answering paragraph 15 of the Complaint, defendant denies the allegations contained therein.

16. Answering paragraph 16 of the Complaint, defendant denies knowledge or information sufficient to form a belief as to the allegations contained therein.

17. Answering paragraph 17 of the Complaint, defendant admits the allegations contained therein.

18. Answering paragraph 18 of the Complaint, defendant denies the allegations contained therein.

19. Answering paragraph 19 of the Complaint, defendant denies the allegations contained therein.

20. Answering paragraph 20 of the Complaint, defendant denies the allegations contained therein.

21. Answering paragraph 21 of the Complaint, defendant denies the allegations contained therein.

22. Answering paragraph 22 of the Complaint, defendant denies the allegations contained therein.

23. Answering paragraph 23 of the Complaint, defendant repeats and realleges each and every response heretofore given as though set forth more fully here.

24. Answering paragraph 24 of the Complaint, defendant denies the allegations contained therein.

25. Answering paragraph 25 of the Complaint, defendant denies the allegations contained therein.

26. Answering paragraph 26 of the Complaint, defendant denies the allegations contained therein.

27. Answering paragraph 27 of the Complaint, defendant denies the allegations contained therein.

28. Answering paragraph 28 of the Complaint, defendant denies the allegations contained therein.

29. Answering paragraph 29 of the Complaint, defendant denies the allegations contained therein.

30. Answering paragraph 30 of the Complaint, defendant denies the allegations contained therein.

31. Answering paragraph 31 of the Complaint, defendant repeats and realleges each and every response heretofore given as though set forth more fully here.

32. Answering paragraph 32 of the Complaint, defendant denies the allegations contained therein.

33. Answering paragraph 33 of the Complaint, defendant denies the allegations contained therein.

34. Answering paragraph 34 of the Complaint, defendant denies the allegations contained therein.

35. Answering paragraph 35 of the Complaint, defendant denies the allegations contained therein.

36. Answering paragraph 36 of the Complaint, defendant denies the allegations contained therein.

37. Defendant denies each and every allegation not specifically addressed above.

**AS AND FOR A FIRST SEPARATE AND
COMPLETE AFFIRMATIVE DEFENSE:**

38. The Complaint fails to state a claim upon which relief can be granted.

**AS AND FOR A SECOND SEPARATE AND
COMPLETE AFFIRMATIVE DEFENSE**

39. Plaintiff may not recover punitive damages or exemplary damages against defendant herein.

**AS AND FOR A THIRD SEPARATE AND
COMPLETE AFFIRMATIVE DEFENSE:**

40. Any relief awarded in this action must be limited as required by applicable law, including but not limited to requirements pertaining to mitigation of damages and willful loss.

**AS AND FOR A FOURTH SEPARATE AND
COMPLETE AFFIRMATIVE DEFENSE:**

41. Upon information and belief, any injuries or damages sustained by plaintiff as alleged in the Complaint were caused or contributed to by negligence, carelessness, or other

culpable conduct of plaintiff. Accordingly, plaintiff should be barred from recovery if her injuries and damages were caused entirely by reason of the culpable conduct on the part of plaintiff, or in the event that plaintiff is entitled to recover, the amount of the damages otherwise recoverable should be diminished by the proportion which the culpable conduct attributable to plaintiff bears to the culpable conduct and caused or contributed to said injuries and damages.

### AS AND FOR A FIFTH SEPARATE AND COMPLETE AFFIRMATIVE DEFENSE:

42. The defendant's actions involved discretionary decisions which are protected by quasi-judicial immunity.

### AS AND FOR A SIXTH SEPARATE AND COMPLETE AFFIRMATIVE DEFENSE:

43. That if defendant is found liable as alleged in the complaint, the provisions of CPLR § 1601 will apply.

### AS AND FOR A SEVENTH SEPARATE AND COMPLETE AFFIRMATIVE DEFENSE:

44. Defendant is immune from the instant suit and immune from any liability to plaintiff for damages, since defendant acted toward plaintiff in good faith and with an objectively reasonable belief that his actions were lawful and not in violation of any of plaintiff's clearly established constitutional rights. Consequently, plaintiff's claims must be dismissed pursuant to the doctrine of qualified immunity.

### AS AND FOR AN EIGHTH SEPARATE AND COMPLETE AFFIRMATIVE DEFENSE:

45. Upon information and belief, all or some of plaintiff's economic loss has been or with reasonable certainty will be replaced or indemnified by collateral sources, and, to the full

extent of such replacement or indemnification, defendant requests and demands that any judgment, award or verdict obtained by plaintiff be reduced accordingly, as provided for by section 4545 of the New York Civil Practice Law and Rules.

### AS AND FOR A NINTH SEPARATE AND COMPLETE AFFIRMATIVE DEFENSE:

46. Defendant herein at all times exercised the fullest restraint possible with regard to any allegation concerning the use of excessive force. Upon information and belief, plaintiff was non-compliant, combative, argumentative, and posed a danger to herself and others.

### AS AND FOR A TENTH SEPARATE AND COMPLETE AFFIRMATIVE DEFENSE:

47. The level of force used to subdue plaintiff was justified in light of the potential dangers involved with her combative and aggressive behavior.

### AS AND FOR AN ELEVENTH SEPARATE AND COMPLETE AFFIRMATIVE DEFENSE:

48. Defendant's actions, at all time, were justified by probable cause, arguable probable cause, and/or a reasonable basis.

### AS AND FOR A TWELFTH SEPARATE AND COMPLETE AFFIRMATIVE DEFENSE:

49. There is a complete defense due to Justification.

### AS AND FOR A THIRTEENTH SEPARATE AND COMPLETE AFFIRMATIVE DEFENSE:

50. This lawsuit is frivolous; the factual allegations not only lack evidentiary support, the evidence shows that the factual allegations are patently untrue. Plaintiff is hereby placed on notice of the intent to seek costs and sanctions for this frivolous claim.

## JURY TRIAL DEMAND

51. A trial by jury is hereby demanded on all issues in this matter.

DATED: Buffalo, New York
September 22, 2025

**JEREMY C. TOTH**
*Erie County Attorney*

By: *s/ Erin E. Molisani*
Erin E. Molisani, Esq.
Assistant County Attorney
95 Franklin Street, Suite 1634
Buffalo, New York 14202
Telephone: (716) 858-2216
Email: erin.molisani@erie.gov

## **CERTIFICATE OF SERVICE**

   I hereby certify that on September 22, 2025, I electronically filed the foregoing Amended Answer with Jury Trial Demand with the Clerk of the District Court for the Western District of New York, using its CM/ECF system which would then electronically notify the following CM/ECF participants on this case:

   Fred Lichtmacher, Esq.
   The Law Office of Fred Lichtmacher, PC
   159 West 25th Street, Room 510
   New York, New York 10001
   Telephone: (212) 922-9066
   Email: empirestatt@aol.com

Dated:  Buffalo, New York
     September 22, 2025  **JEREMY C. TOTH**
             *Erie County Attorney*

             By:  */s/ Erin E. Molisani*
             Erin E. Molisani
             Assistant County Attorney
             95 Franklin Street, Room 1634
             Buffalo, New York 14202
             Telephone: (716) 858-2216
             Email: Erin.Molisani@erie.gov